IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CALVIN PERRY,

    Petitioner,

v.                                                    Civil Action No. 3:13CV192

HAROLD CLARKE,

    Respondent.

MEMORANDUM OPINION

Calvin Perry, a Virginia inmate proceeding *pro se*, submitted this 28 U.S.C. § 2254 petition ("§ 2254 Petition"). Perry challenges the Virginia Department of Corrections's ("VDOC") calculation of his good conduct time and his term of confinement. The United States District Court for the Western District of Virginia previously dismissed another 28 U.S.C. § 2254 petition by Perry challenging the VDOC's calculation of his good conduct time. *See Perry v. Clarke*, No. 7:12CV00245, 2012 WL 6738164, at *1–3 (W.D. Va. Dec. 28, 2012).[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals

---

[1] In that case, the VDOC submitted an affidavit from Wendy K. Brown, Manager of Court and Legal Services, swearing that Perry's "good conduct time has been correctly calculated and credited against his term of confinement" from his entry into the VDOC in 1978 to the present. *See Perry*, 2012 WL 6738164, at *2. The Court extensively examined Perry's claims and found no error in the calculation. *Id.* at *2–3.

for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

AEDPA's bar against successive § 2254 applications applies with equal force to sentence calculation challenges like Perry's when the claim was available to a petitioner prior to filing his initial application. *See Benchoff v. Colleran*, 404 F.3d 812, 817–20 (3d Cir. 2005) (barring successive § 2254 petition that challenged administration of sentence when inmate could have raised his claims in prior petition); *Crone v. Cockrell*, 324 F.3d 833, 837–38 (5th Cir. 2003) (finding petition successive when Petitioner "knew of all of the facts necessary to raise his jail credit claim before he filed his initial federal petition"). Here, Perry challenges a law passed in 1981 that purportedly altered the calculation of his good conduct time. Perry could have raised this claim in his initial § 2254 petition challenging the computation of his good conduct time. *See Crone*, 324 F.3d at 837–38. Thus, Perry's current petition is a successive § 2254 application. The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254 Petition. Therefore, Respondent's Motion to Dismiss (ECF No. 7) will be granted. The action will be dismissed for want of jurisdiction.[2]

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether

---

[2] Moreover, to the extent Perry attempts to bring a new challenge to the calculation of his good conduct time, Perry's § 2254 Petition is untimely under one-year statute of limitations for federal habeas actions. Perry challenges a Virginia law enacted on July 1, 1981 that purportedly changed the manner in which the VDOC calculated good time credit. (§ 2254 Pet. 8.) Under § 2244(d)(1)(D), Perry had one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* § 2244(d)(1)(D). Perry fails to demonstrate that he acted with due diligence in bringing this § 2254 petition which he filed nearly thirty-two years after the enactment of the challenged provision.

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Perry fails to satisfy this standard, a certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: /0-//-/3
Richmond, Virginia

/s/
James R. Spencer
United States District Judge